## Bert Heyen v. Owen Ward.

1. LANDLORD AND TENANT—*Tenant Can Not Deny Landlord's Title.*— In a suit to collect rent for part of a tract of land occupied by the defendant, if it be proved that it was plainly understood that if defendant took any of the land, he must take it all of the plaintiff, and thereupon he took possession of the entire tract, he is estopped to deny that he held under the plaintiff.

Assumpsit, for rent. Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

ZINK & KINDER, attorneys for appellant.

PEEBLES & PEEBLES, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit to recover a sum alleged to be due plaintiff for rent of land leased to defendant.

On trial by jury the plaintiff recovered a verdict for $240, the amount claimed.

Judgment was entered according and the defendant has appealed. The land in question, forty acres, was a part of a tract of one hundred and twenty acres which plaintiff had owned for many years. For a period of several years one McClure was in possession of the whole tract as tenant of the plaintiff. In August, 1893, defendant went to plaintiff, who lived in another county, and inquired whether he would lease the land, to which plaintiff replied that he would lease the entire tract at $3 per acre per annum—that if defendant took any of it he must take all, and referred him to his attorney who told him in substance the same thing. Defendant said to the attorney that one Whitlow claimed the forty in question and the attorney replied that Whitlow's claim was worthless and that if he took any of the land of plaintiff he must take it all, to which proposition defendant assented and went away and afterward took possession of the whole tract, cultivated it for two years, paid plaintiff the stipulated rent for eighty acres but refused to pay for the forty. This is the case as made by the plaintiff, substantially. It is true that the plaintiff, who is a very old man, having attained the age of ninety-five years, had great difficulty in making a clear and coherent statement of what occurred between him and the defendant—wandered a good deal in his direct examination, and on the cross-examination was led into some contradictory statements—but when his testimony is taken in connection with that of the other witnesses the jury were warranted in believing that the defendant clearly understood the plaintiff would not rent him a part of the tract unless he would take it all under the plaintiff, and that defendant, so understanding, did take the entire track. In so doing he acted in bad faith with the plaintiff for he already had a lease for the forty from Whitlow.

He contradicts the plaintiff as to what occurred between them, but it was for the jury to say which was the more credible.

If, as claimed by the plaintiff, it was plainly understood that if defendant took any of the land he must take it all of the plaintiff, and thereupon, concealing his arrangement

with Whitlow, he took possession of the entire tract, he is estopped to deny that he held under the plaintiff. Some complaint is made of the instructions, but we find nothing substantially wrong.

The judgment is no doubt responsive to the merits and it will be affirmed.